23047

Jean CRIM, Appellant v. E. F. HUTTON, INC., and Jeffery Moses, of whom E. F. Hutton, Inc., is Respondent.

(381 S. E. (2d) 492)

Supreme Court

*Rolf M. Baghdady*, Columbia, *for appellant.*

*Thomas R. Gottshall*, of *Sinkler & Boyd*, Columbia, *for respondent.*

Heard June 9, 1989.

Decided July 10, 1989.

GREGORY, Chief Justice:

Appellant Crim commenced this action seeking to recover $25,000 from Jeffery Moses and respondent E. F. Hutton. The trial judge granted summary judgment to E. F. Hutton. We affirm.

Moses worked as a stockbroker at E. F. Hutton and handled Crim's account. In August 1986, Crim gave Moses a personal check for $25,000 payable to the order of "Jeff Moses" and marked "loan." In return, she obtained a promissory note for $25,000, plus 12% interest, signed by Moses. Moses also gave her his personal check for $26,000 in repayment of the loan for her to hold until he had sufficient funds to cover it. Crim held Moses' check until April 1987. During this time, she called Moses weekly to ask if she could cash the $26,000 check. Finally, she called in April 1987 and was told that Moses had been terminated. The $26,000 check was never valid.

Crim commenced this suit against Moses and E. F. Hutton alleging violations of the state and federal securities laws and claiming that E. F. Hutton was liable on the note as Moses' employer. The trial judge granted E. F. Hutton summary judgment on the grounds that: (1) the transaction between Crim and Moses was a personal loan and not the sale of a security; and (2) Moses was not acting within the scope of his employment and E. F. Hutton was therefore not liable for his acts.

First, Crim contends the trial judge erred in holding ∎ the state and federal securities laws do not apply.

Crim testified Moses told her that a bank note he had to pay was "a good investment" for her because she would earn 12% interest and would get her money back in ninety days. She admitted, however, that she understood she was lending the money to Moses and that he "was the person who was going to pay the money back to [her]." The trial judge found this transaction was a personal loan and not the sale of a security under state or federal law because there was no evidence of a financial return dependent upon an entrepreneurial effort by Moses. Crim contends the trial judge applied too restrictive a definition of "security" in granting summary judgment on this ground.

Crim's argument is unpersuasive. A note may be a security under the federal securities statute. 15 U.S.C. § 77b(1) (1976). Most federal courts, including the Fourth Circuit Court of Appeals, define a security as an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. *See Lawler v. Gilliam*, 569 F. (2d) 1283 (4th Cir. 1978); *South Carolina Nat'l Bank v. Darmstadter*, 622 F. Supp. 226 (D.S.C. 1985). Applying this definition, we conclude the trial judge properly ruled the transaction between Moses and Crim was not the sale of a security under federal law.

State law is even clearer on this issue. Like the federal statute, our securities law provides that a note may be a security. S. C. Code Ann. § 35-1-20(12) (1987). Our statute, however, specifically provides that a bona fide pledge or loan does not constitute the sale or offering of a security. S. C. Code Ann. § 35-1-20(10)(f)(i) (1987). There is no evidence in the record that the transaction between Moses and Crim was anything other than a bona fide loan.

Next, Crim contends the trial judge erred in granting ∎ summary judgment to E. F. Hutton on the causes of action alleging liability for the acts of its agent, Moses.

The authorized acts of an agent are binding on the principal. *Carver v. Morrow*, 213 S. C. 199, 48 S. E. (2d) 814 (1948). There is no evidence, however, that Moses' accep-

tance of a personal loan from a customer was an authorized act binding on E. F. Hutton. Even under a theory of apparent authority, belief in the agent's authority must be reasonable. *Beasley v. Kerr-McGee Chem. Corp.*, 273 S. C. 523, 257 S. E. (2d) 726 (1979). The mere fact that Moses worked at E. F. Hutton does not support a reasonable belief it was bound by Moses' commitment to a personal loan transaction. We hold the trial judge properly granted summary judgment on the issue of E. F. Hutton's liability on the note.

Accordingly, the judgment of the circuit court is

Affirmed.

CHANDLER, FINNEY and TOAL, JJ., and Acting Associate Justice C. BRUCE LITTLEJOHN, concur.