1883

The CITIZENS AND SOUTHERN NATIONAL BANK OF S.C., As Trustee, and Schwiener & Finley, Inc., as Receiver, Plaintiffs v. CONSTRUCTION ENTERPRISES, INC. OF TN and Ard-Wood Architects, Inc., Defendants. And CONSTRUCTION ENTERPRISES, INC., Third-Party Plaintiff/Appellant v. ASHMORE BROS., INC., Fireman's Fund Insurance Company, Inc., Froehling & Robertson, Inc., and Blackwood Associates, Inc., Third-Party Defendants, of whom Froeling & Robertson, Inc., is the Respondent. And ASHMORE BROTHERS, INC., Third-Party Plaintiff v. EAGLE CONSTRUCTION COMPANY, INC., Third-Party Defendant.

(424 S.E. (2d) 530)

Court of Appeals

*Timothy D. St. Clair*, Columbia, *for appellant.*

*O. G. Calhoun, T. S. Stern, Jr.*, and *J. D. Quattlebaum*, Greenville, *for respondent.*

Heard Oct. 6, 1992.

Decided Nov. 9, 1992.

Reh. Den. Nov. 30, 1992.

GOOLSBY, Justice:

This action arises out of multiparty litigation in which Construction Enterprises, Inc. of TN is a third-party plaintiff and Froehling & Robertson, Inc., is a third-party defendant. Construction Enterprises sued Froeling & Robertson for breach of contract and for negligence. In its answer, Froeling & Robertson affirmatively asserted time-limitation defenses based on Virginia law and on contract. Relying on these affirmative defenses, the trial court granted Froehling & Robertson judgment on the pleadings. Construction Enterprises appeals. The issue on appeal is whether the failure of Construction Enterprises to reply to Froehling & Robertson's time-limitation defenses constitutes a denial of those defenses so that the trial judge erred in granting judgment on the pleadings based thereon. We reverse.

On September, 26 1989, Citizens and Southern National Bank of South Carolina, as trustee, and Schwiener & Finley, Inc., as receiver, brought an action against Construction Enterprises, alleging several causes of action arising out of a construction project that had been completed by early October 1984. Nine months later, Construction Enterprises filed a third-party complaint in which it adopted the original complaint and in which it alleged that Froehling & Robertson had breached its contract with Construction Enterprises by improperly testing the compaction of the earthfill on the project and by failing to detect certain defects in the soil. Construction Enterprises also alleged Froehling & Robertson was neg-

ligent in providing excavation and grading recommendations and other specifications related to soil and fill.

In its answer, Froehling & Robertson asserted "FOR A THIRD DEFENSE" that the work allegedly performed by it "was completed by the end of November, 1983" and that a Virginia statute of repose barred the third-party complaint. The statute, Va. Code Ann. § 8.01-250 (1973), prescribes a five-year limitation on the bringing of certain actions arising from, among other things, the design or construction of improvements to real property.[1]

Froehling & Robertson's answer also asserted a "FOURTH DEFENSE." This defense "incorporate[d] the relevant terms and conditions of the contract between the parties" and it incorporated an attached, two-page document called "Agreement for Materials Testing and/or Inspection Services" and dated June 24, 1983. One provision of the attached agreement states that "[n]o action, regardless of form, arising out of the services under [the] [a]greement may be brought by either party more than two (2) years after the act or omission giving rise to a cause of action has occurred. . . ." Another of its provisions states that "[the agreement] shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia. . . ."

Froehling & Robertson moved for judgment on the pleadings. It did so simultaneously with the service of its answer. Froehling & Robertson claimed the five-year statute of repose and the two-year limitation in the contract barred Construction enterprises from recovery.

Construction Enterprises, of course, did not serve a reply before Froehling & Robertson served its motion for judgment on the pleadings. In fact, Construction Enterprises never served a reply and the trial court never ordered it to do so.

---

[1] "No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction."

At the hearing on Froehling & Robertson's motion for judgment on the pleadings, Construction Enterprises maintained that, because the time-limitation defenses were to be considered denied under Rule 8(d), SCRCP, quoted below, material issues of fact existed regarding the time-limitation defenses and, therefore, judgment on the pleadings based on these affirmative defenses was inappropriate.

The trial court, however, found the pleadings "clearly established" Froehling & Robertson's time-limitation defenses and granted the latter judgment on the pleadings.

Rules 7(a) and 8(c) and (d), SCRCP, control what we must do here. Rule 7(a), SCRCP provides:

> There shall be a complaint and an answer; and a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14, and there shall be a third-party answer, if a third-party complaint is served. No other pleadings shall be allowed, except that the court may order a reply to an answer or a third-party answer; *and there may be a reply to affirmative defenses as provided in Rule 8(c)*. (Emphasis added.)

Rule 8(c) provides in pertinent part:

> In pleading to a preceding pleading, a party shall set forth affirmatively the defenses: . . . statute of limitations . . . and any other matter constituting an . . . affirmative defense.  . . . *A party may file a reply to any of the foregoing affirmative defenses.* (Emphasis added.)

And Rule 8(d) provides:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

When these three rules are read together, as they must be, it becomes clear that, where an answer asserts affirmative defenses, the affirmative defenses are to be deemed denied or

avoided, as the case may be, by the party against whom they are asserted unless the court, pursuant to Rule 7(a), requires the party to file a reply or the party, pursuant to Rules 7(a) and 8(c), replies voluntarily to the affirmative defenses. *See* HARRY M. LIGHTSEY, JR. & JAMES F. FLANAGAN, SOUTH CAROLINA CIVIL PROCEDURE at 266 (2d ed. 1985) (The new rules alter the rule that a reply "[could not] be voluntarily filed by the plaintiff on his own initiative or on motion of the plaintiff or the Court" and allows a reply at the discretion of the pleader); *cf.* Rule 8(d), SCRCP reporter's note ("This Rule 8(d) is simply a restatement of [now repealed] Code § 15-13-80."); S.C. Code Ann § 15-13-80 (1976) ("[T]he allegation of new matter in the answer not relating to a counterclaim . . . is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require."), *repealed by* Act No. 100 § 2, 1985 S.C. Acts 277, at 279. Here, Froehling, & Robertson asserted affirmative defenses against Construction Enterprises. These defenses must be deemed denied because, as mentioned above, the trial court did not order Construction Enterprises to file a reply and Construction Enterprises did not file a reply voluntarily.

Because material issues of fact existed regarding Froehling & Robertson's time-limitation defenses, its motion for judgment on the pleadings based on these affirmative defenses should not have been granted. *See* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 at 529 (2d ed. 1990) ("[W]hen material issues of fact are raised by the answer and defendant seeks judgment on the pleadings on the basis of this matter, his motion cannot be granted."); *see also Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E. (2d) 338, 339 (1991) ("A judgment on the pleadings against the plaintiff is not proper if there is an issue of fact raised by the complaint which, if resolved in favor of the plaintiff, would entitle him to judgment. . . . Further, a judgment on the pleadings is considered to be a drastic procedure by our courts.").

Reversed.

GARDNER, J., and LITTLEJOHN, Acting J., concur.