489 S.E.2d 470

**ML–LEE ACQUISITION FUND, L.P., Respondent,**

v.

**DELOITTE & TOUCHE, Petitioner.**

No. 24676.

Supreme Court of South Carolina.

Heard May 21, 1997.

Decided Aug. 11, 1997.

Jefferson V. Smith, Jr., of Carter, Smith, Merriam, Rogers & Traxler, P.A., Greer; and James T. Williams, Jr. and S. Leigh Rodenbough, IV, both of Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., Greensboro, NC, for Petitioner.

Wilbum Brewer, Jr., Marcus A. Manos, and Jennifer J. Aldrich, all of Nexsen, Pruet, Jacobs & Pollard, L.L.P., Columbia; and John D. Hughes and David A. Martland, both of Hutchins, Wheeler & Dittmar, Boston, MA, for Respondent.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision reported at 320 S.C. 143, 463 S.E.2d 618 (Ct.App.1995). We affirm in part and reverse in part.

## FACTS [1]

Petitioner Deloitte & Touche (Accountant) was retained by Emb–Tex Corporation to audit its financial statements from 1982 through 1988. Respondent ML–Lee Acquisition Fund (Investor) made two investments in Emb–Tex, one in 1988 for $16 million and one in 1990 for $2 million. Investor subsequently commenced this action against Accountant for professional negligence and negligent misrepresentation alleging it suffered a loss because its agent, Thomas H. Lee Company (Advisor), relied on the audit reports and Accountant's 1988

---

1. We refer the reader to the Court of Appeals' opinion for a complete recital of the complex facts in this case.

"comfort letter" in recommending the investments in Emb–Tex.

As Investor learned in 1991, Emb–Tex's financial statements for 1985 and after overstated its inventory. Consequently, the audit reports prepared by Accountant for those years did not reflect Emb–Tex's true financial condition when Investor made its investments in 1988 and 1990. Investor alleged Accountant knew or should have known about the inventory overstatements.

The master granted Accountant summary judgment on both causes of action. On the professional negligence claim, the master found Investor could not maintain such an action because Investor was not Accountant's client. This holding was not appealed. On the claim for negligent misrepresentation, the master adopted the standard of liability set forth in § 552 of the Restatement (2d) of Torts (1977).[2] Applying this standard, the master held (1) Accountant owed Investor no duty regarding either investment and (2) Investor did not justifiably rely on the information supplied by Accountant.

On appeal, the Court of Appeals reversed in part the master's ruling that Accountant had no duty to Investor. It found in pertinent part that Investor was Accountant's client for purposes of the 1990 investment and accordingly owed Investor a duty to disclose information regarding Emb–Tex's inventory overstatement for that year. The Court of Appeals also reversed the master's holding there was no justifiable

---

**2.** This section of the Restatement provides as follows:

INFORMATION NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS.

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transaction, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) [T]he liability stated in subsection (1) is limited to loss suffered

    (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

    (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

reliance and held the reliance of an agent is sufficient to establish liability to a principal for a negligent misrepresentation.

## ISSUES

1. Did Accountant have a duty to disclose the current inventory overstatement?
2. Is the reliance of an agent sufficient to establish justifiable reliance?

## DISCUSSION

### 1. Duty

The Court of Appeals held Accountant owed Investor a duty to disclose Emb–Tex's current inventory overstatement, not under § 552,[3] but based on the conclusion Investor was Accountant's client for purposes of the 1990 investment.[4]

■ There was no appeal of the master's ruling that Investor was not Accountant's client. This unappealed ruling is the law of the case, *In re: Morrison,* 321 S.C. 370, 468 S.E.2d 651 (1996), and should not have been reconsidered by the Court of Appeals. Since it is the law of the case that Investor was not Accountant's client, we reverse the Court of Appeals' ruling that Accountant had a duty to disclose.

### 2. Reliance

To establish liability under Restatement § 552, the party seeking to recover for a negligent misrepresentation must show he justifiably relied on the information communicated by the accountant. The master held that in order to establish justifiable reliance, a plaintiff must prove it relied *directly* on the information provided by the accountant. He concluded the facts showed at best only that Investor's agent, Advisor,

---

3. We adopt the § 552 standard of liability for the reasons set forth in the Court of Appeals' decision. Under § 552, an accountant has a duty to exercise reasonable care or competence in obtaining or communicating information. This section imposes no duty to *disclose* information.

4. The Court of Appeals relied on evidence that Investor wanted Accountant to complete a 1988 audit of Emb–Tex and provide 1989 and 1990 audits and a discussion regarding a client representation letter.

relied on the information in recommending these investments but Investor's actual decision-makers did not. Accordingly, he held there was no justifiable reliance as a matter of law. The Court of Appeals found this ruling inconsistent with general agency law. We agree.

It is well-settled that the authorized acts of an agent are the acts of the principal. *Crim v. Hutton,* 298 S.C. 448, 381 S.E.2d 492 (1989); *Carver v. Morrow,* 213 S.C. 199, 48 S.E.2d 814 (1948); *Palmer v. Sovereign Camp, W.O.W.,* 197 S.C. 379, 15 S.E.2d 655 (1941). The Court of Appeals properly applied this general rule to conclude the reliance of an agent acting within the scope of his agency is the reliance of the principal. *See also* Restatement (2d) of Agency, § 315 comment b ("One making a misrepresentation to an agent in order to obtain a contract with the principal is subject to liability if the contract is obtained as a result of it, whether the agent to whom the statement is made, or another agent, or the principal consummates the transaction in reliance upon it."). Accordingly, we hold the Court of Appeals properly reversed the master's grant of summary judgment on the issue of reliance.

**AFFIRMED IN PART; REVERSED IN PART.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.