THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Debra Henfield,       
Appellant,
 
 
 

v.

 
 
 
John Taylor & Adlerian Enterprises d/b/a 
 Parkside Mobile Homes,        Respondents,
 
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2003-UP-190
Heard October 9, 2002 - Filed March 
 12, 200

REVERSED and REMANDED

 
 
 
A. Christopher Potts, of Charleston, for appellant.
Stephen L. Brown, Randell C. Stoney, Jr., and Stephen P. Groves, 
 Jr., all of Charleston, for respondents.
 
 
 

PER CURIAM:  Debra Henfield appeals the 
 trial courts order granting Adlerian Enterprises (Adlerian) motion for summary 
 judgment in favor of John Taylor.  Henfield argues Adlerian did not have standing 
 to file the motion in favor of Taylor, and in the alternative, a question of 
 material fact existed making the grant of summary judgment inappropriate.  We 
 reverse and remand.
FACTS/PROCEDURAL HISTORY
Henfield sued Taylor and Adlerian alleging they were 
 jointly and severally liable for injuries she sustained when she fell down the 
 stairs of a mobile home rented by Taylor but located in a mobile home park owned 
 by Adlerian.  Adlerian timely answered Henfields complaint and denied all liability.  
 Taylor did not answer the complaint but was never placed in default.
The parties conducted limited discovery, during which 
 Adlerian deposed Henfield.  In her deposition, Henfield stated she fell from 
 the steps of Taylors mobile home because he didnt want any company that day 
 and had hurried [her] out.  As she exited the mobile home, she tripped on 
 the steps, reached for a handrail, but because none existed, fell and hit her 
 head on the mobile home door.  In her deposition, Henfield also indicated she 
 did not mean to sue Taylor because she felt he had not contributed to her injuries.  
 However, later in her deposition, Henfield stated she and Taylor were in a pushing 
 match just prior to her accident, and he pushed her too hard out of the mobile 
 home door.
Adlerian filed a motion to dismiss Taylor, arguing 
 he should not be a party to the lawsuit.  Specifically, Adlerian asserted Henfields 
 deposition clearly indicated she never intended to sue Taylor because he had 
 done nothing to contribute to her injuries.  At the hearing, the trial court 
 converted Adlerians motion into one for summary judgment, agreed Taylor should 
 not be a party to the lawsuit, and granted summary judgment in favor of Taylor. 
 [1]   Henfield appeals.
STANDARD OF REVIEW
Summary judgment is granted when there is no genuine 
 issue as to any material fact and the moving party is entitled to judgment as 
 a matter of law.  Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 
 (2001).  On appeal from an order granting summary judgment, the appellate court 
 will review all ambiguities, conclusions, and inferences arising in and from 
 the evidence in a light most favorable to the non-moving party.  Ferguson 
 v. Charleston Lincoln Mercury, Inc., 349 S.C. 558, 563, 564 S.E.2d 94, 96 
 (2002).
DISCUSSION
Henfield argues the trial court erred in granting 
 Adlerians motion for summary judgment in favor of Taylor because a question 
 of material fact existed regarding whether Taylor contributed to Henfields 
 injuries.  We agree.
The trial court dismissed Taylor stating, based 
 on Henfields deposition it appears that the Plaintiff did not intend to sue 
 Taylor, nor does she think he did anything to contribute to her injury.  However, 
 ample evidence exists in the record to support Henfields contention that she 
 intended to sue Taylor and that Taylors negligence contributed as the proximate 
 cause of her injuries.
Henfields counsel filed a complaint against Taylor, 
 opposed Adlerians motion to dismiss Taylor as a party, and is now appealing 
 the trial courts order dismissing Taylor.  Notwithstanding Adlerians contention 
 that Henfield never intended to file suit against Taylor, Henfield has never 
 moved to dismiss Taylor as a party, asked her counsel to be removed for failing 
 to dismiss Taylor as a party, or sought to obtain new counsel pursuant to Rule 
 11(b), SCRCP.  Therefore, this Court must treat the actions of Henfields counsel, 
 Henfields alter-ego, as those of Henfield.  See Williams v. Williams, 
 335 S.C. 386, 391, 517 S.E.2d 689, 691 (1999) (holding this Court has consistently 
 recognized an attorney is the alter-ego of his client and the attorney stands 
 in the place of the client (quoting Anderson v. Anderson, 198 S.C. 412, 
 415, 18 S.E.2d 9, 10 (1941)).  Thus, by filing the complaint against Taylor, 
 opposing Adlerians motion to dismiss Taylor, and appealing the trial courts 
 grant of that motion, Henfield has sufficiently demonstrated her intent to sue 
 Taylor.
Additionally, although Henfield stated in her deposition 
 Taylor did not contribute to her injuries, she stated [Taylor] was flailing 
 his arms as he hurried [her] out of the trailer.  She further stated she 
 was quite sure [Taylor] was behind me rushing me out of the house.  Furthermore, 
 Taylor himself testified during his deposition:

We were physically [sic] . . . .  I had my arms on her pushing her back . . 
 . .  I said, please leave, please leave . . . .  I pushed her too hard . . . 
 .  She fell out the door.
.       .       .
I pushed her, but I pushed her too hard.  This I am guilty of.
.       .       .
[W]e had a pushing match.  She pushed me, I pushed her, and I pushed too much.  
 I pushed her too hard because she didnt leave.
.       .       .
[S]he didnt leave and fell [sic] . . . .  Leave my house, leave my house.  
 She pushed me, I pushed her.  Leave my house.  And I pushed too hard . . . .

(emphasis added)  By Taylors own admission, he pushed 
 Henfield and caused her to fall down the stairs of his mobile home.  Reviewing 
 the ambiguities, conclusions, and inferences arising in and from the evidence 
 in a light most favorable to Henfield, see Ferguson, 349 S.C. 
 at 563, 564 S.E.2d at 96, we conclude the record contains sufficient evidence 
 to create a genuine issue of material with respect to whether Taylor contributed 
 to Henfields injuries.
CONCLUSION [2] 
For the foregoing reasons, the trial courts order granting 
 Adlerians motion for summary judgment in favor of Taylor is
REVERSED and REMANDED.
HEARN, C.J., GOOLSBY and HOWARD, JJ., concur.

 
 
 [1] Because neither party appeals the circuit courts decision to convert 
 Adlerians motion to dismiss in favor of Taylor into one for summary judgment, 
 it is the law of the case.  See ML-Lee Acquisition Fund, L.P. v. 
 Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding 
 an unappealed ruling is the law of the case).  Therefore, we will treat the 
 case as if Adlerian had originally filed a motion for summary judgment.

 
 
 [2] Because we hold a genuine issue of material fact exists with respect 
 to whether Taylor contributed to Henfields injuries, we need not address 
 whether Adlerian had standing to file a motion for summary judgment in favor 
 of Taylor, or the timeliness of Taylors oral joinder of Adlerians motion.