THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dexter Cumbee, Appellant,
v.
Georgetown County, Respondent.
 
 
 

Appeal From Georgetown County
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No.  2005-UP-454
Submitted June 1, 2005  Filed July 19, 2005

AFFIRMED

 
 
 
Dexter Cumbee, of Hardeeville, for Appellant.
Jack M. Scoville, Jr., of Georgetown, for Respondent.
 
 
 

PER CURIAM:  Dexter Cumbee appeals the dismissal of his action for conversion against Georgetown County.[1]  We affirm.[2]
FACTS
On August 7, 1991, Georgetown County Sheriffs deputies searched Cumbees car wash for drugs pursuant to a search warrant.  Drugs were found at the car wash and hidden in a motorbike at the carwash.  Cumbee was arrested and his 1984 Oldsmobile Ciera was also searched.  No drugs were found in the car, but it was towed to the Sheriffs Department impoundment lot.  Cumbee was convicted of the drug charges, and he served seven years in prison.    
After his release from prison on June 23, 2000, Cumbee contacted the Georgetown County Sheriffs Department regarding his car.  Cumbee was informed that no one knew the location of his car or what happened to it.  On February 5, 2002, Cumbee brought the underlying action for conversion against the Sheriffs Department, and he filed an amended complaint on May 17, 2002.  In both complaints, Cumbee alleged that the Sheriffs Department had his car on August 12, 1991, and inquired about gaining title to an abandoned vehicle.  Cumbee claimed that he never abandoned the car, that the car should have been turned over to his relatives, and that the Sheriffs Department converted the car to its own use and still had it.  Cumbee sought damages including the return of the car or its fair market value, fair rental value of the car for the time period it was in the custody of the Sheriffs Department, costs, and attorneys fees.    
The Sheriffs Department moved to dismiss the action, arguing: the complaint failed to state a cause of action; the action was barred by the statute of limitations; service of process was insufficient; and Cumbee sued the wrong defendant.  Cumbee argued that he did not have any knowledge that the Sheriffs Department failed to turn his car over to a family member until he was released from prison.  Thus, he argued, the statute of limitations on his cause of action against the Sheriffs Department was tolled until after he was released from prison.  
The circuit court granted the Sheriffs Departments motion to dismiss.  The court determined that Cumbees cause of action against the Sheriffs Department accrued on August 7, 1991.  The court found that [w]hile the statute of limitations is normally an affirmative defense, it may properly be the basis of a motion to dismiss under 12(b)(6) if the facts supporting the motion appear on the face of the complaint.[3]  The court found that Cumbees action was barred by the statute of limitations.  This appeal followed. 
STANDARD OF REVIEW
On review of a motion to dismiss on the pleadings, the appellate tribunal applies the same standard of review that was implemented by the trial court.  Williams v. Condon, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001).  In considering a motion to dismiss for failure to state a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint.  Viewed in the light most favorable to the plaintiff, if the facts and inferences reasonably drawn from the facts alleged in the complaint would entitle the plaintiff to relief under any theory, the motion to dismiss should be denied.  Bergstrom v. Palmetto Health Alliance, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004).  The complaint should not be dismissed merely because the court doubts the plaintiff will prevail.  Id. 
LAW/ANALYSIS
Cumbee argues the circuit court erred in granting the Sheriffs Departments motion for summary judgment[4] because his cause of action was not barred by the statute of limitations.  He asserts that the statute of limitations did not begin to run until he discovered the car was missing upon his release from prison.[5]  We disagree.
In determining whether a statute of limitations bars a cause of action, we must first determine when the cause of action arose.  Under the discovery rule, a statute of limitations begins to run on the date when the underlying cause of action reasonably ought to have been discovered, or when a party knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct.  Bayle v. S.C. Dept of Transp., 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001).  Determining when an injured party should have known that a cause of action arose is an objective determination.  Courts must determine whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist.  Young v. S.C. Dept of Corr., 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999).     
Cumbee argues he did not know and could not have known through the exercise of due diligence that he had a cause of action against the Sheriffs Department until after he got out of jail and made a demand for his car in June 2000.  Viewing the allegations in the complaint objectively, it is clear that Cumbee knew his car was at the Sheriffs Department when he was arrested, and he failed to make other arrangements for the car.  Accordingly, we find Cumbee should have discovered the cause of action on August 7, 1991.  We agree with the circuit courts finding that the cause of action arose on that date.  
We now turn to whether the cause of action was barred by the statute of limitations.  Cumbee alleged in his complaint that the Sheriffs Department took control over his car in August 1991.  The statute of limitations for an action for taking, detaining, or injuring goods or chattels including an action for specific recovery of personal property is three years.  S.C. Code Ann. § 15-3-530 (4) (2005).  At the time Cumbees car was impounded in 1991, the statute of limitations could be tolled for a minor plaintiff, someone incarcerated with less than a life sentence, or someone determined to be insane.  S.C. Code Ann. § 15-3-40 (Supp. 1990).  The period within which the action must be brought cannot be extended:  (a) more than five years by any such disability, except infancy; nor (b) in any case longer than one year after the disability ceases.  Id.  This section was amended in 1996 to delete incarceration as a disability that would toll the statute.  S.C. Code Ann. § 15-3-40 (2005). 
We find the statute of limitations expired prior to Cumbee filing the underlying cause of action under both the 1991 and the post-1996 versions of the tolling statute.  It is clear from the pleadings that the cause of action arose on August 7, 1991, Cumbee was incarcerated until June 23, 2000, and the underlying lawsuit was filed, at the earliest, on February 2, 2002.  Applying the law in place when Cumbee filed his 2002 complaint, no tolling provision existed for inmates and the three-year statute of limitations would have expired on August 7, 1994.  Under the law in place at the time the cause of action accrued in 1991, the three-year statute of limitations for Cumbees action would have been tolled for five years.  Under that statute, Cumbee had a total of eight years after the accrual date in which to file his lawsuit.  Thus, the statute of limitations would have expired by August 7, 1999.  
Viewing the facts and reasonable inferences from the facts on the face of the pleadings, it is clear that the statute of limitations expired before Cumbee filed the underlying action.  Thus, the facts alleged in Cumbees complaint would not have supported relief under any theory.  Accordingly, it was appropriate for the circuit court to grant the Sheriffs Departments motion to dismiss.  
CONCLUSION
Because the statute of limitations expired prior to the filing of the underlying action, the circuit courts order granting the Sheriffs Departments motion to dismiss is
AFFIRMED. 
 HEARN, C.J., BEATTY and SHORT, JJ., concur.

[1]  Although the caption on the appeal indicates that Cumbee sued Georgetown County, it is clear from the record that the underlying action concerns the activities of the Georgetown County Sheriffs Department.  Accordingly, we refer to the respondent in this appeal as the Georgetown County Sheriffs Department for clarity. 
[2] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.  
[3]  The defense of the running of the statute of limitations is an affirmative defense that normally must be asserted in an answer.  Rule 8(c), SCRCP.  It is not clear from the record whether the Sheriffs Department filed an answer asserting the statute of limitations as an affirmative defense.  Although it appears that a court may grant a motion to dismiss based upon the statute of limitations where the facts alleged in the complaint reveal the statute has run, Cumbee does not challenge the circuit courts finding to that effect.  See Brown v. Leverette, 291 S.C. 364, 367-68, 353 S.E.2d 697, 699 (1987) (reversing the circuit courts grant of a motion to dismiss based upon the statute of limitations where the defense was not apparent from the face of the complaint); Citizens & S. Natl Bank of S.C. v. Constr. Enter., 309 S.C. 500, 504, 424 S.E.2d 530, 532 (Ct. App. 1992) (reversing the circuit courts grant of judgment on the pleadings based on the defendants affirmative defense of the statute of limitations where the complaint raised issues of fact regarding the time limit and the plaintiffs were not required to file a reply to the affirmative defenses); Brown v. Lexington County, 283 S.C 27, 28-29, 320 S.E.2d 498, 499 (Ct. App. 1984) (affirming the circuit courts dismissal of an action where the complaint revealed on its face that the statute of limitations had run).  Thus, it is the law of the case.  ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding that an unappealed ruling, right or wrong, is the law of the case).  
[4]  Although the circuit court granted the Sheriffs Departments motion to dismiss, Cumbee argues on appeal that the court erred in granting the motion for summary judgment.  It does not appear from the record that the court considered outside affidavits or any matters other than Cumbees pleadings and the arguments of the parties.  See Rule 12(b), SCRCP (stating that when a court considers matters outside the pleadings in ruling on a motion to dismiss, the motion should be treated as one for summary judgment). Therefore, we will treat this appeal as one from the grant of a motion to dismiss based solely upon the pleadings.  
[5]  Cumbee also argues the Sheriffs Department was the constructive bailee of his car and therefore had an obligation to return it to him.  However, this argument was never raised before the circuit court.  Accordingly, this issue is not preserved for appellate review and we decline to address it.  See Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding that issues not raised to or ruled upon by the trial court may not be considered on appeal).