THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Christy W.,
 Christopher W., Michael S. and John Doe, Defendants,
 Of Whom Christy
 W. and Christopher W. are Appellants.
 In the Interest of: A.S., H.W., and A.W., all minor children under the age of 18.
 
 
 

Appeal From Anderson County
Gerald C. Smoak, Jr., Family Court Judge

Unpublished Opinion No. 2009-UP-503
Submitted October 1, 2009  Filed November
 2, 2009
 Withdrawn, Substituted and Refiled November 4, 2009

AFFIRMED

 
 
 
 David Hill Keller, of Greenville, for Appellant Christopher W. 
 
 Anderson M. Horne, of Greenville, for Appellant Christy W.
 Dottie Ingram, of Anderson, for Respondent.
 John  O'Rourke, of Anderson, for Guardian Ad Litem.
 
 
 

PER CURIAM: This appeal arises from the termination of parental
 rights (TPR) of Christy W. (Mother) and Christopher W. (Father) to the minor
 children A.S., H.W., and A.W. (collectively Children).  Father and Mother both
 appealed separately, though Mother's appeal was filed pursuant to Ex Parte
 Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987).  
I. 
 Father's Appeal 
Father
 argues the family court erred in terminating his parental rights because he did
 not remedy the conditions causing Children's removal.  Additionally, Father
 contends the family court erred in considering competing constitutional law
 interests, thereby violating Father's First and Fourteenth Amendment rights.  We affirm
 pursuant to Rule 220(b), SCACR, and the following authorities: 
1.  As
 to whether the family court erred in terminating Father's parental rights:  ML-Lee
 Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238, 241, 489
 S.E.2d 470, 472 (1997) (stating an unappealed ruling is the law of the
 case); Charleston County Dep't of Soc. Servs. v. Jackson, 368 S.C. 87,
 101, 627 S.E.2d 765, 773 (Ct. App. 2006) (explaining a finding pursuant to
 section 63-7-2570(8) alone is sufficient to support a termination of parental
 rights so long as termination is in the child's best interest).
2. As
 to whether the family court erred in considering competing constitutional law
 interests, thereby violating Father's First and Fourteenth Amendment rights: Staubes
 v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It
 is well-settled that an issue cannot be raised for the first time on appeal,
 but must have been raised to and ruled upon by the trial court to be preserved
 for appellate review."); see also Charleston County Dep't of
 Soc. Servs. v. Jackson, 368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct.
 App. 2006) (finding a parent's argument that TPR violates his right to due
 process under the Fourteenth Amendment to the United States Constitution was not preserved for this court's
 review when it was not raised to
 or ruled upon by the family court).
II. 
 Mother's Appeal

Upon a thorough review of the record and the family court's
 findings of fact and conclusions of law, pursuant to Ex Parte Cauthen,
 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant
 briefing.  
Accordingly, the family court's ruling is. 
AFFIRMED.[1] 
HEARN, C.J., KONDUROS and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.