**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

K. A. Diehl and Associates, Inc., Respondent,

v.

James Perkins, Colleen Franke a/k/a Colleen Franke Perkins, Mark Dos Santos, Nancy Moore, William Moore, Steven Dame and Errol Dos Santos, Defendants,

Of whom Mark Dos Santos is the Appellant.

Appellate Case No. 2018-002009

———————

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-454
Submitted December 1, 2020 – Filed December 22, 2021

———————

**AFFIRMED AS MODIFIED**

———————

Russell Grainger Hines and Donald Jay Davis, Jr., both of Clement Rivers, LLP, of Charleston, for Appellant.

Alicia E. Thompson and Henrietta U. Golding, both of Burr & Forman LLP, of Myrtle Beach, for Respondent.

———————

**PER CURIAM:**  Mark dos Santos (Appellant) appeals the trial court's order granting a motion by K.A. Diehl (Respondent) to enforce a mediated settlement agreement (the Agreement).  We affirm as modified.

1.  We agree with Appellant's argument that the trial court erred in holding Rule 43(k) of the South Carolina Rules of Civil Procedure did not apply to the Agreement because it was an agreement by the parties rather than an agreement between counsel.  *See* Rule 43(k) ("No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel."); *S.C. Human Affs. Comm'n v. Chen*, 430 S.C. 509, 519, 846 S.E.2d 861, 866 (2020) ("Rule 43(k) is applicable to settlement agreements."); *id.* at 515, 521, 846 S.E.2d at 864, 867 (applying Rule 43(k) to a settlement agreement entered into after the parties engaged in mediation and signed by one of the Commission's attorneys, the aggrieved person, and the respondents and holding the agreement was not enforceable under Rule 43(k) because the respondents' attorney did not sign the agreement).

2.  We disagree with Appellant's argument that the execution of the Agreement did not comply with Rule 43(k) because Appellant did not personally sign the agreement.  Appellant attended the mediation by telephone.  His name is signed on the Agreement followed by the words "with permission."  Appellant provided no evidence his attorney signed Appellant's name on the Agreement without Appellant's permission during the mediation.  *See* Rule 43(k) (providing that a settlement agreement shall not "be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel"); *Signature*, *Black's Law Dictionary* (11th ed. 2019) (defining signature as "a person's name or mark written by that person or at the person's direction); 80 C.J.S. *Signatures* § 13 (2000) ("Generally, a signature may be made for a person by the hand of another, acting in the presence of such person, and at his direction, or request, or with his acquiescence, unless a statute provides otherwise.  A signature of this type becomes the signature of the person for whom it is made, and it has the same validity as though written by him. (footnotes omitted)); *Matter of Estate of Moore*, 390 P.3d 551, 557 (Kan. Ct. App. 2017) ("The amanuensis rule provides that '[a] signature to an instrument may be attached by . . . the hand of another, at the request of a party . . . .'" (alterations in original) (quoting *Kadota Fig Ass'n. of Producers v. Case-Swayne Co.*, 167 P.2d 523, 526 (Cal. Ct. App. 1946)), *aff'd*, 448 P.3d 425 (Kan. 2019); *Lukey v. Smith*, 365 P.2d

487, 488 (Nev. 1961) (recognizing the "approval in virtually every jurisdiction of the United States of the [amanuensis] rule" and that the "rule is so uniformly recognized that we would add nothing to the law by quoting or even citing the various texts and hundreds of cases"); *Sharpe v. Sharpe*, 105 S.C. 459, 465, 90 S.E. 34, 35 (1916) (noting that "when Watson Justus signed the name of Jefferson, in the presence of Jefferson, and by his direction, that was a signing by Jefferson"); *Kadota Fig Ass'n of Producers*, 167 P.2d at 527 (noting a "signature is valid and binding when the authorization to sign the instrument is conveyed directly to the amanuensis by telephone"). In addition, Appellant's attorney had actual authority as an agent to sign on Appellant's behalf. *See Crim v. E.F. Hutton, Inc.*, 298 S.C. 448, 450, 381 S.E.2d 492, 493 (1989) ("The authorized acts of an agent are binding on the principal."). Accordingly, we find the trial court did not err in enforcing the Agreement.

**AFFIRMED AS MODIFIED.**[1]

**HUFF, WILLIAMS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.