22616

The STATE, Respondent v. Larry Randall TODD, Appellant.

(349 S. E. (2d) 339)

Supreme Court

*J. M. Long, Jr.,* Conway, *George M. Hearn, Jr.,* and *Kaye Gorenflo Hearn,* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia and *Sol. James O. Dunn,* Conway, *for respondent.*

Oct. 6, 1986.

FINNEY, Justice:

Appellant was convicted of murder and assault with intent to commit criminal sexual conduct in the first degree, and was sentenced to life imprisonment plus thirty (30) years. We affirm.

Appellant alleges the trial court erred: (a) In the admission of a photograph of the victim's body, (b) in allowing reply testimony, (c) in its instructions to the jury on voluntary intoxication and (d) in the supplemental charge to the jury.

Over appellant's objection, the trial court permitted the state to place into evidence a black and white photograph of the victim's right upper chest with the breast exposed showing the location of the bullet wound. Appellant contends the admission of this photograph was unnecessary because the location of the wound was uncontested. He asserts that the photograph was inflammatory and its admission prejudicial to him since he was also on trial for assault with intent to commit criminal sexual conduct.

The determination of the relevancy and materiality of a photograph is left to the sound discretion of the trial judge. *State v. Livingston,* 282 S. C. 1, 317 S. E. (2d) 129 (1984). A photograph should be excluded if it is calculated to arouse the sympathy or prejudice of the jury or is irrelevant or unnecessary to substantiate facts. *State v. Middleton,* 288 S. C. 21, 339 S. E. (2d) 692 (1986). There is no abuse of discretion if the offered photograph serves to corroborate testimony. *Id.* The photograph at issue here corroborated the pathologist's testimony regarding the location of the bullet wound. The appellant was not prejudiced by its introduction because there was explicit testimony that the victim's blouse and brassiere had been removed by medical personnel when they arrived at the scene in order to administer medical aid.

Appellant next contends the trial judge erred in allowing the state to call Ms. Lynn Clayton as a reply witness because her testimony was not in response to defense testimony. The admission of reply testimony is within the sound discretion of the trial judge, and there is no abuse of discretion if the testimony is arguably contradictory of and in reply to earlier testimony. *State v. Stewart,* 283 S. C. 104, 320 S. E. (2d) 447 (1984). Ms. Clayton's testimony directly contradicted part of appellant's testimony that he had not wrecked his truck prior to the shooting. Thus, there was no error in admitting the reply testimony.

Appellant also alleges the trial judge erred in charging the jury on the law of voluntary intoxication because intoxication was not a defense. The law to be charged is determined from the evidence presented at trial. *State v. Damon,* 285 S. C. 125, 328 S. E. (2d) 628 (1985). There was some evidence showing the appellant had been drinking prior to the shooting. Therefore, we find no prejudicial error in the trial court's charge to the jury on the law of voluntary intoxication.

Finally, appellant alleges error in the trial judge's supplemental charge to the jury regarding the degrees of criminal sexual conduct. He argues that the language of the supplemental charge reduced the state's burden of proof. When reviewing a jury charge for error, this Court must consider the charge as a whole. *State v.*

*Norris,* 285 S. C. 86, 328 S. E. (2d) 339 (1985). The trial judge emphasized throughout his initial jury charge that the state had the burden of proof beyond a reasonable doubt. In our view, the language objected to in the supplemental charge was not misleading or confusing and did not constitute prejudicial error.

We affirm the rulings of the trial court.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.