585 S.E.2d 305

**Larry R. TODD, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25693.

Supreme Court of South Carolina.

Submitted Jan. 23, 2003.

Decided Aug. 11, 2003.

Rehearing Denied Oct. 8, 2003.

---

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, Assistant Attorney General Edgar R. Donnald, and Chief, Capital & Collateral Litigation Donald J. Zelenka, all of Columbia, for Petitioner.

John Christopher Mills, of Columbia, for Respondent.

Chief Justice TOAL:

The State argues that the post-conviction relief ("PCR") judge erred in granting respondent's PCR application because the trial judge's reasonable doubt charge was unconstitutional.

## Factual/Procedural Background

Larry Todd ("Todd") was convicted of murder and assault with intent to commit first degree criminal sexual assault ("CSC") in 1985 and was sentenced to life imprisonment for murder and thirty years for CSC. This Court affirmed his convictions and sentences on direct appeal. *State v. Todd,* 290 S.C. 212, 349 S.E.2d 339 (1986).

Todd applied for PCR, which was denied, and this Court denied his petition for writ of certiorari. In 1990, Todd petitioned for a writ of habeas corpus, which was denied. This Court denied his petition for writ of habeas corpus in 1995 pursuant to *Key v. Currie,* 305 S.C. 115, 406 S.E.2d 356 (1991).

In March 1995, Todd petitioned for a writ of habeas corpus in circuit court, which was denied. The Court of Appeals reversed, finding that the trial judge's reasonable doubt charge was unconstitutional and remanded the case to the circuit court with instructions to treat the matter as an application for PCR. *Todd v. State,* Op. No. 98–UP–252 (S.C. Ct.App. Filed May 18, 1998).

This Court granted the State's Petition for Certiorari to review the circuit court's grant of PCR for Todd. The State raises the following issue for review:

Did the PCR judge err in finding that the trial judge's reasonable doubt charge was unconstitutional?

## Law/Analysis

The State asserts that the PCR court erred in finding that the trial judge violated Todd's constitutional right of due process when he charged the jury on the reasonable doubt standard. We agree.

The standard for reviewing the trial judge's charges on reasonable doubt has evolved over the last 15 years. In *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the United States Supreme Court held for the first time that a trial judge's reasonable doubt charge violated the Due Process Clause because it diminished the high burden that the Due Process Clause requires that the state must establish. The Court found that the appropriate standard for determining the constitutionality of a reasonable doubt charge

is whether "a reasonable juror *could have* interpreted the instruction to allow a finding of guilt based on a degree of proof below that required of the Due Process Clause." *Id.* at 41, 111 S.Ct. at 329 (emphasis added).

In 1991, this Court adopted the *Cage* "*could have*" standard in *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991). The Court ruled a reasonable doubt jury charge unconstitutional because the judge equated reasonable doubt with a "moral certainty" standard and used a definition of circumstantial evidence which required the jury to "seek some reasonable explanation of the circumstances proven other than the guilt of the [d]efendant and if such reasonable explanation can be found [the jury] would find the [d]efendant not guilty." *Id.* at 416, 409 S.E.2d at 374. The Court found that the jury charge was so confusing that a reasonable juror "*could have*" found the defendant guilty based on a standard that did not reach the level of proof encompassed by the reasonable doubt standard that is mandated by the Due Process Clause. *Id.* at 416–417, 409 S.E.2d at 374–375.

The United States Supreme Court redefined the reasonable doubt standard in less restrictive terms in *Boyde v.California*, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990). *See also, Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The new standard became whether there was a "*reasonable likelihood*" that the jury applied the charge in an unconstitutional manner. *Boyde*, 494 U.S. at 380, 110 S.Ct. at 1198.

Writing for the United States Supreme Court in *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), Justice O'Connor pointed out that *Cage* is the only case in which the Supreme Court declared a reasonable doubt charge unconstitutional. The *Cage* charge was as follows:

[A reasonable doubt] is one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty,* raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable

man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty.*

*Id.* at 5–6, 114 S.Ct. at 1243 (quoting *Cage,* 498 U.S. at 40, 111 S.Ct. at 329) (emphasis added by the U.S. Supreme Court in *Cage* ). Justice O'Connor stated that the emphasized language is what the Court in *Cage* found offensive to due process. She then wrote for the Court:

> In a subsequent case, we made clear that the proper inquiry is not whether the instruction "could have" been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury *did* so apply it. *Estelle v. McGuire,* 502 U.S. 62, 72 and n. 4, 112 S.Ct. 475, 482 and n. 4, 116 L.Ed.2d 385 (1991). The constitutional question in the present cases, therefore, is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship*[1] [reasonable doubt] standard.

*Id.* at 6, 114 S.Ct. at 1243 (emphasis in the opinion). The opinion then provided a comprehensive review of the use of the phrases "moral certainty" and "substantial doubt" in the American jurisprudence of reasonable doubt charges. The Court analyzed challenged charges from Nebraska and California in which these phrases were used and found that neither of the phrases automatically rendered a reasonable doubt charge constitutionally defective. The Court held:

> The Due Process Clause requires the government to prove a criminal defendant's guilt beyond a reasonable doubt, and trial courts must avoid defining reasonable doubt so as to lead the jury to convict on a lesser showing than due process requires. In these cases, however, we conclude that "taken as a whole, the instructions correctly conveyed the concept of reasonable doubt to the jury." *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). There is no reasonable likelihood that the jurors

---

1. In *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the U.S. Supreme Court proclaimed that the Due Process Clause mandates that the government prove every element of the charged offense beyond a reasonable doubt.

who determined petitioners' guilt applied the instructions in a way that violated the Constitution.

*Id.* at 22–23, 114 S.Ct. at 1251.

Post *Victor*, it is clear that under the "reasonable likelihood" standard, many charges which would be found defective under *Cage* are now held to meet the due process requirements.[2]

■ In the instant matter, the PCR court order,[3] relying heavily on the *Cage* standard and this Court's adoption of that standard in *Manning*, found the trial judge's reasonable doubt and circumstantial evidence charges unconstitutional.

The trial judge in this case set forth this reasonable doubt standard for the jury before evidence was presented:

The term "reasonable doubt" means exactly what it implies. It is a reasonable doubt. The definition which I prefer is that a reasonable doubt is a *substantial doubt* for which a person honestly seeking to find the truth can give a reason.

At the close of evidence, the judge again instructed the jury on reasonable doubt:

Ladies and gentlemen, when I use the term "reasonable," what we mean there is that that is not some whimsical or imaginary doubt. Nor is it a slight, fanciful, or weak doubt. It is none of those things. I charge you that a *reasonable doubt is a substantial doubt* arising out of the testimony or lack of testimony in the case for which a person honestly seeking to find the truth can give a reason. If you have such a doubt in your mind as to whether the State has proven this defendant guilty, of course, you must resolve that doubt in his favor, and write a verdict of not guilty. If, however, on the other hand, the State of South Carolina, through the Solicitor's Office, has established the guilt of the defendant beyond a reasonable doubt, it would equally be your duty under your oath to return a verdict of guilty.

The judge continued as he gave the charge of circumstantial evidence and reasonable doubt:

---

**2.** A year before *Victor* was issued, in 1993, Acting Justice Goolsby recognized the stricter *Estelle* standard in his dissent in *State v. Charping*, 313 S.C. 147, 167, 437 S.E.2d 88, 99 (1993), where he found that the jury charge did not violate defendant's due process rights.

**3.** Written in December, 1999.

> Circumstantial evidence is good, provided it meets the legal test to the extent that the State relies on circumstantial evidence. It must prove all the circumstances relied on beyond a reasonable doubt. They must wholly and in every particular perfectly consistent with one another. *They must point conclusively, that is, to the moral certainty of the guilt of the accused* to the exclusion of every other reasonable hypothesis, that is, they must be absolutely inconsistent with any reasonable hypothesis other than the guilt of the accused.
>
> . . .
>
> The two phrases *"beyond a reasonable doubt"* and *"proof to a moral certainty" are synonymous* and the legal equivalent of each other.

The PCR judge focused on similar language that was found in both the *Manning* and *Todd* instructions, for example, equating "reasonable doubt" with "moral certainty," and asking the jury to "seek" to find a reasonable explanation other than the defendant's guilt, which lowered the standard to something below reasonable doubt as defined by the *Cage–Manning* standard. The judge also pointed out that this Court had had many opportunities to adopt the *Estelle–Victor* standard but failed to do so.

This Court finally adopted the *Estelle–Victor "reasonable likelihood"* standard in 2000 in *State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000). Accordingly, we will apply that standard to this matter.

Further, jury charges should be examined in their entirety and not in isolation in analyzing whether the defendant's due process rights have been violated. *State v. Smith*, 315 S.C. 547, 446 S.E.2d 411 (1994). A complete review of the jury instruction in this case evinces an appropriate charge of the reasonable doubt and circumstantial evidence standards. While the trial judge equated "reasonable doubt" with "moral certainty," he also used alternative methods of describing the standard. He said:

> Our South Carolina Supreme Court has stated this presumption of innocence is like a robe of righteousness placed about the shoulders of the defendant, and it remains with him and assigns him to that class, the innocent, until that

presumptive robe of righteousness has been stripped from his body by evidence satisfying you of that guilt beyond a reasonable doubt.

The trial judge's charge on circumstantial evidence is almost verbatim of the charge this Court directed be given in *Manning.* 305 S.C. at 417, 409 S.E.2d at 374 (citing *State v. Edwards,* 298 S.C. 272, 379 S.E.2d 888 (1989)).

While the trial judge mentioned "moral certainty," which is part of the charge that the *Manning* court disfavored, "the moral certainty language cannot be sequestered from its surroundings." *Victor,* 511 U.S. at 16, 114 S.Ct. at 1248. We find that the trial judge's careful and exhaustive articulation of the reasonable doubt and circumstantial evidence standard, when examined in its entirety, effectively communicated the high burden of proof that the state was required to establish by the Constitution.

### CONCLUSION

We reiterate our adherence to the *Estelle–Victor* standard as adopted in the *Aleksey* decision, which states that the standard of review of a reasonable doubt instruction is *"whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution."* *Aleksey,* 343 S.C. at 27, 538 S.E.2d at 251. We find that there is no reasonable likelihood that the jurors who determined Todd's guilt applied the judge's instruction in a way that violated the Due Process Clause of the Fourteenth Amendment. Accordingly, we **REVERSE** the PCR judge's grant of this application.

MOORE, WALLER and BURNETT, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES:

I respectfully dissent. In my opinion, the record supports the post-conviction relief (PCR) judge's findings that the jury charge given at respondent's trial violated the Due Process Clause. Further, I find there is a reasonable likelihood that the jury applied the instructions in a way that violates the

Constitution. Accordingly, I would affirm the PCR judge's order granting respondent a new trial.

This matter comes before the Court in an unusual procedural posture. In 1998, the Court of Appeals remanded the case to the circuit court with instructions that the case be treated as one involving a claim for PCR, and that the issue to be decided was whether "the reasonable doubt instruction given in [respondent's] trial was unconstitutional. . . ." *Todd v. State*, 98–UP–252 (S.C. Ct.App. filed May 18, 1998). To the extent the State now argues that we should decide whether the reasonable doubt charge cases decided since respondent was tried should be applied retroactively, its argument comes too late. The State did not seek certiorari to review the Court of Appeals' 1998 decision, and therefore the law of this case is that the *"Cage–Victor "* [4] standard applies retroactively. *See, e.g., ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 489 S.E.2d 470 (1997) (unchallenged ruling, whether correct or not, is law of the case). Further, because this case comes before us in the posture of a PCR certiorari, we must uphold the factual findings in the order if supported by any probative evidence in the record. *E.g., Tate v. State*, 351 S.C. 418, 570 S.E.2d 522 (2002).

The PCR judge found, correctly in my view, that the charge given in respondent's trial unconstitutionally diluted the State's burden to prove respondent guilty beyond a reasonable doubt. Specifically, the PCR judge found the charge instructed the jury that: (1) reasonable doubt was synonymous with moral certainty; (2) reasonable doubt meant a "doubt which honest people, such as you, when searching for the truth can give a real reason" and (3) it was required to seek some reasonable explanation other than the accused's guilt when considering the circumstantial evidence in this case. The majority view, in my opinion, minimizes the multiple deficiencies in the charges by stressing only the 'moral certainty' language. The majority then holds that the 'robe of righteousness' portion of the instructions, coupled with the 'good'

---

4. *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990); *Victor v. Nebraska,* 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).

circumstantial evidence charge, effectively cured any constitutional infirmities. I disagree.

In *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991), we approved a circumstantial evidence charge derived from earlier decisions:

[E]very circumstance relied upon by the State [must] be proven beyond a reasonable doubt; and ... all of the circumstances so proven [must] be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. It is not sufficient that they create a probability, though a strong one and if, assuming them to be true they may be accounted for upon any reasonable hypothesis which does not include the guilt of the accused, the proof has failed.

*Id.*, *citing State v. Edwards*, 298 S.C. 272, 379 S.E.2d 888 (1989), *citing State v. Littlejohn*, 228 S.C. 324, 89 S.E.2d 924 (1955).

In contrast, the circumstantial evidence charge given in respondent's trial was:

Circumstantial evidence is good, provided it meets the legal test to the extent that the State relies on circumstantial evidence. It must prove all the circumstances relied on beyond a reasonable doubt. They must be wholly and in every particular perfectly consistent with one another. **They must point conclusively, that is, to the moral certainty to the guilt of the accused to the exclusion of every other reasonable hypothesis,** that is, they must be absolutely inconsistent with any reasonable hypothesis other than the guilt of the accused.

**In other words, in the consideration of circumstantial evidence, the jury must seek some reasonable explanation thereof other than the guilt of the accused,** and if such reasonable explanation can be found, you cannot convict on such evidence. Of course, you can consider the circumstantial evidence along with all the direct evidence that you heard from this witness stand.

I charge you further that the mere fact that the circumstances are strongly suspicious and the defendant's guilt probable, is not sufficient to sustain a conviction because

the proof offered by the State must exclude every other reasonable hypothesis except that of guilt, and must satisfy you the jury of that guilt beyond a reasonable doubt.

**The two phrases "beyond a reasonable doubt," and, "proof to a moral certainty" are synonymous and the legal equivalent of each other.**

(emphasis supplied).

Viewing the circumstantial evidence charge here in its entirety, I disagree with the majority's characterization of this charge as "almost verbatim" the *Edwards* charge approved in *State v. Manning, supra.* In my opinion, respondent's circumstantial evidence charge was riddled with burden shifting language and cannot be said to 'remedy' other constitutional infirmities in the charge.

I find there is some evidence of probative value in the record to support the PCR judge's finding that the charge unconstitutionally lessened the State's burden of proof. This factual finding should therefore be upheld. *Tate v. State, supra.*

The more difficult issue in this case is whether it can be said "there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution." *State v. Aleksey,* 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000).[5] In *Aleksey,* we found no reversible error where the trial judge made a single isolated reference to the jury's "duty to seek the truth" in the context of the charge on witness credibility. Here, however, the charge is rife with constitutional error, especially in the context of the circumstantial evidence portion, in a case in which the State relied largely on circumstantial evidence to prove respondent assaulted the victim with the intent to commit first degree criminal sexual conduct, and

---

**5.** The PCR judge decided this case before we issued our opinion in *Aleksey,* and therefore applied the less rigorous pre-*Aleksey* standard: whether a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required of the Due Process Clause. *State v. Manning, supra.* Given the protracted nature of this litigation, I agree that we should decide the question presented under the *Aleksey* standard rather than remand the case to the circuit court with instructions to redecide the matter applying the correct standard.

then killed her. I would therefore affirm the PCR judge's order granting respondent a new trial.