THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
James L. Williams,       
Petitioner,
 
 
 

v.

 
 
 
State of South Carolina,       
Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Charleston County
William T. Howell, Circuit Court Judge
Jackson V. Gregory, Post-Conviction 
 Relief Judge

Memorandum Opinion No. 2004-MO-007
Submitted January 22, 2004 - Filed March 
 8, 2004

REVERSED AND REMANDED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia, for Petitioner.
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, 
 Chief Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy 
 Attorney General Allen Bullard, Assistant Attorney General Douglas E. Leadbitter, 
 all of Columbia, for Respondent.
 
 
 

PER CURIAM: Petitioner was convicted of first degree burglary and grand 
 larceny.  He was sentenced to thirty years for burglary and ten years for grand 
 larceny, to run consecutively.  On direct appeal, this Court affirmed Petitioners 
 convictions and sentences.  State v. Williams, Op. No. 93-MO-236 (S.C. 
 Sup. Ct. filed August 5, 1993).
Petitioners first application for Post-Conviction Relief (PCR) was 
 denied after a hearing.   No petition for writ of certiorari was filed.  After 
 consideration of Petitioners second PCR application, Petitioner was granted 
 a belated review of the first PCR order.  However, the first PCR transcript 
 was not available, so this Court granted Petitioner a new PCR hearing.  A de 
 novo PCR hearing was held, and Petitioners application was again denied.  
 This petition for writ of certiorari followed.  We reverse and remand to the 
 trial court for a new trial.
ISSUE
Was Petitioners trial counsel 
 ineffective for failing to object to the trial judges reasonable doubt and 
 circumstantial evidence instructions?
ANALYSIS
Petitioner contends his 
 trial counsel was ineffective for failing to object to the trial judges instructions 
 on reasonable doubt and circumstantial evidence.  We agree.
During Petitioners trial, the judge instructed the jury on reasonable 
 doubt:

Now by reasonable doubt, I dont mean a weak or whimsical or imaginary doubt.  
 A reasonable doubt is a doubt arising out of the testimony for which a person 
 or lack of testimonyits either arising out of the testimony or lack of testimony, 
 for which a person honestly seeking the truth can give a reason.  

The judge also instructed the jury on circumstantial evidence:         

Now to the extent that the State relies on circumstantial evidence it must 
 prove all of the circumstantial evidence beyond a reasonable doubt.  They must 
 be wholly and in every particular perfectly consistent with one another.  They 
 must point conclusively, that is to a moral certainty, to the guilt of 
 the accused, to the exclusion of every other reasonable hypothesis.  That is, 
 they must be absolutely inconsistent with any other reasonable hypothesis than 
 the guilt of the accused.  (emphasis supplied)

Trial counsel did not object to either of the charges.  The State conceded 
 at the PCR hearing that today, the charges would constitute reversible error.  
 However, the State argued that State v. Manning, 305 S.C. 413, 409 S.E.2d 
 372 (1991), which held charges such as these were reversible error, was decided 
 after Petitioners trial.  The State contends, and the PCR court held, that 
 trial counsel could not be required to anticipate a change in the law, and since 
 Manning was not decided until after Petitioners trial, that trial counsel 
 was not ineffective in failing to object to the instructions.  E.g. Hill 
 v. State, 350 S.C. 465, 576 S.E.2d 847 (2002).  We disagree.  
Petitioner must prove that trial counsels representation fell below 
 reasonable professional norms, and that Petitioner was prejudiced by counsels 
 failure to object to the charge.  Strickland v. Washington, 466 U.S. 
 668 (1984), Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).  
Petitioners trial took place on August 26, 1991.  Manning was decided 
 on September 9, 1991.  However, Cage v. Louisiana, 498 U.S. 39 (1990), 
 upon which Manning was based, was decided November 13, 1990.  In Cage, 
 the United States Supreme Court disapproved a standard of moral rather than 
 evidentiary certainty in determining an accuseds guilt or innocence.  Manning, 
 409 S.E.2d at 416, citing Cage, 498 U.S. at 41.  The State argues that 
 although the United States Supreme Court rejected a similar charge in Cage, 
 that there was no way for trial counsel to know that the South Carolina courts 
 would agree [and] would still require a clairvoyance aspect to analyzing attorney 
 representation. This argument is without merit.  Cage was based on the 
 Due Process clause, and applied to all of the states. Trial counsel should have 
 objected to the charge, based on the decision in Cage, which was decided 
 before petitioners trial.  Trial counsels representation fell below professional 
 norms.  
Petitioner must also prove that he was prejudiced by trial 
 counsels representation by showing there is a reasonable likelihood that the 
 jury applied the challenged instruction in a way that violates the Constitution.  
 Todd v. State, 355 S.C. 396, 309, 585 S.E.2d 305, 308 (2003) quoting 
 State v. Aleksey, 343 S.C. 20, 538 S.E.2d 248 (2000).  In this case, 
 the only evidence against Petitioner was circumstantial evidence--fingerprints 
 on the outside of a window of the victims house.  The jury must have relied 
 on the circumstantial evidence charge, as that is the only evidence that was 
 available to them.  Petitioner has proven prejudice.  
CONCLUSION
We REVERSE the PCR courts decision, and REMAND for 
 a new trial.  
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.