675 S.E.2d 736

**Ernest BATTLE, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 26633.

Supreme Court of South Carolina.

Submitted Dec. 4, 2008.

Decided April 13, 2009.

198

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Matthew J. Friedman, all of Columbia, for Petitioner.

Assistant Appellate Defender Kathrine Hudgins, South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Chief Justice TOAL:

In this post-conviction relief (PCR) case, we granted a writ of certiorari to review the PCR court's order granting Respondent Ernest Battle relief. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent was indicted for trafficking cocaine, possession with intent to distribute within proximity of a school, and conspiracy to violate narcotic laws. At trial, the State presented evidence that a confidential informant contacted La-Shawn Floyd and arranged to purchase drugs. After the informant and Floyd exchanged money, Floyd walked behind a nearby building and shortly reappeared with cocaine. Officers arrested Floyd as she was completing the transaction with the informant. Officers also arrested Respondent and James Nelson as they appeared from behind the building. Floyd and Nelson[1] testified that the cocaine was Respondent's.

The trial judge first charged the jury on reasonable doubt:

A reasonable doubt may arise from the evidence that's been presented in this case or from the lack of evidence in the case. You alone, you are the sole judges of the facts of this case. You alone must make the decision as to whether or not the State has proven him guilty of the charge beyond a reasonable doubt.

Now, as I told you at the outset, [Respondent] has said, "I'm not guilty of either one of those charges," and that places the burden of proving him guilty on the State. A person who is charged is never required to prove himself or herself innocent. The burden of proof is on the State throughout the trial to convince you the jury of his guilt beyond a reasonable doubt.

A person who is charged is presumed innocent from the moment of his arrest, throughout any arraignment, throughout the trial itself, until you the jury have reached a conclusion in the jury room that the State has proven him guilty by the evidence presented here in court beyond a reasonable doubt. If the State doesn't do that, then he's

---

1. Floyd, Nelson, and Respondent are all cousins.

entitled to a verdict of not guilty. Now, what do we mean when we say that the State must prove someone guilty beyond a reasonable doubt? What do those words mean? The term "reasonable doubt" may be understood by giving it its plain and ordinary meaning. A reasonable doubt is the kind of doubt that would cause a reasonable person to hesitate to act. If, after considering all the evidence in this case, you hesitate to convict [Respondent] on the basis of that evidence, then he's entitled to a verdict of not guilty.

A reasonable doubt may arise from the evidence that's been presented in this case or from the lack of evidence in the case. You alone, you are the sole judges of the facts of· this case. You alone must make the decision as to whether or not the State has proven him guilty of the charge beyond a reasonable doubt

. . .

[T]he burden of proof is on the State to convince you of his guilt beyond a reasonable doubt. There's no burden on him to explain or to do anything. The burden of proof is on the State to produce the evidence here in court to convince you of his guilt beyond a reasonable doubt.

The trial court then instructed the jury on circumstantial evidence:

There is another type of evidence that we refer to as indirect or circumstantial evidence. That is evidence which may prove a particular fact to be proved, not by evidence based upon the physical senses of testifying witness but rather on the basis of the proof of other facts which infer the proof of a particular fact as a necessary consequence.

The commission of a crime may be proved by circumstantial or indirect evidence as by direct evidence of an eyewitness. Circumstantial evidence is permissible provided it meets the legal test. To the extent that the State relies on circumstantial evidence, it must prove all the circumstances relied on beyond a reasonable doubt. These circumstances must in every way perfectly be consistent with one another; and they must point conclusively, that is, to a moral certainty, to the guilt of the accused to the exclusion of every other reasonable hypothesis or explanation.[2] In other words, the

---

**2.** This portion of the charge reflects the traditional circumstantial evidence charge as articulated in *State v. Edwards,* which provides that

circumstances must be absolutely inconsistent with any other reasonable hypothesis or explanation than the guilt of the accused.

Shortly after the jury began deliberating, the foreman sent a note requesting a transcript of the jury charges. The trial court refused, but told the jury it would recharge portions of the instructions. The foreman then asked, "There was a portion about reasonable person. Could there be another scenario possible: Would a reasonable person consider that something else happened instead of what's claimed by the prosecution?" The trial court responded:

Okay. I'm not sure if what you're asking about was what I discussed or mentioned when I was talking about two types of evidence, the two ways that we classify evidence ... As I said, there are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence, such as testimony of a witness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts; that's what we're talking about when I talk about circumstantial evidence.

. . .

You can have proof of circumstances that lead to that conclusion beyond a reasonable doubt, as I've defined that for you.

So that's what I'm talking about when I'm talking about circumstantial evidence. But the circumstances proved by

---

when the State relies upon circumstantial evidence to prove its case, the jury may not convict the defendant unless:

Every circumstance relied upon by the State be proven beyond a reasonable doubt; and ... all of the circumstances so proven be consistent with each other and taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis.

298 S.C. 272, 275, 379 S.E.2d 888, 889 (1989) (citing *State v. Littlejohn*, 228 S.C. 324, 89 S.E.2d 924, 926 (1955)). At the time this case was tried, although the *Edwards* circumstantial evidence charge was acceptable, the Court recommended a different circumstantial evidence charge. *See State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997). However, in 2004, a majority of the Court held that the *Grippon* charge was the sole and exclusive charge to be given in circumstantial evidence cases. *State v. Cherry*, 361 S.C. 588, 606 S.E.2d 475 (2004) (Toal, C.J., dissenting).

the State must be complete. They must lead to that conclusion beyond a reasonable doubt.

And in the evaluation of circumstantial evidence, you must search for, consider, any other reasonable hypothesis or explanation than that which the State advances and the claim made by the State. You have to examine every other reasonable hypothesis or explanation other than the guilt of the accused when considering circumstantial evidence.

That's the essence, I think, of my instructions to you on circumstantial evidence. It's not necessary to prove every fact that the State has to prove in order to be entitled to a verdict of guilty by direct evidence. They can prove it by circumstantial evidence, but it must be a complete chain; that is, all the circumstances that the State relies on, other than direct testimony, all the circumstances that the State relies on to establish an element, some part that's necessary to prove the defendant guilty, some part of the crime that he is accused of committing, they must establish all those circumstances, as I said beyond a reasonable doubt.

And in consideration of that, it's your duty to examine any other reasonable hypothesis or explanation than the guilt of the accused. And if there is another reasonable explanation for the circumstance, then you cannot rely on that circumstance in finding the defendant guilty.

Trial counsel did not object to any portion of the charges. The jury returned a guilty verdict, and the court of appeals affirmed. *State v. Battle,* Op. No.2003–UP–348 (S.C. Ct.App. filed May 20, 2003).

Respondent filed an application for PCR and alleged that trial counsel was ineffective for failing to object to the portion of the jury charges on reasonable doubt and circumstantial evidence. Although the PCR court found that the first portion of the reasonable doubt charge was constitutional, it found that other portions of the charges were improper. Specifically, the PCR court expressed concern over the trial court's use of the "moral certainty" language and the portion of the charge requiring the jury to "search for" or "seek" a reasonable explanation other than Respondent's guilt. Accordingly, the PCR court ruled that, viewed in its totality, the charge

diluted the State's burden to prove Respondent guilty beyond a reasonable doubt.

We granted the State's request for a writ of certiorari to review the PCR court's order granting relief to review the following issue:

Did the PCR court err in finding trial counsel ineffective for failing to object to the jury charges?

## STANDARD OF REVIEW

The burden of proof is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State,* 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On certiorari, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

## LAW/ANALYSIS

The State argues that the PCR court erred in finding trial counsel ineffective for failing to object to the jury charges. We agree.

In order to prove counsel was ineffective, a PCR applicant must show that counsel's performance was deficient and that he suffered resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether a defendant was prejudiced by improper jury instructions, the court must find that, viewing the charge in its entirety and not in isolation, there is a reasonable likelihood that the jury applied the improper instruction in way that violates the Constitution. *Todd v. State,* 355 S.C. 396, 399, 585 S.E.2d 305, 306 (2003).

Trial courts should avoid using "seek" language in instructing the jury because such language is unnecessary and runs the risk of unconstitutionally shifting the burden of proof. *State v. Needs,* 333 S.C. 134, 155, 508 S.E.2d 857, 867–68 (1998). Additionally, "moral certainty" language, although not *per se* reversible error, is disfavored. *See State v. Johnson,* 306 S.C. 119, 131, 410 S.E.2d 547, 554 (1991) (recognizing that courts have affirmed convictions where the trial court did not

use "moral certainty" language in conjunction with "substantial" or "grave" doubt in defining reasonable doubt).

In our view, there is not a reasonable likelihood that the jury applied the trial court's instruction in a way that violated the Constitution. The trial court repeatedly emphasized that the State retained the burden to prove Respondent's guilt beyond a reasonable doubt in its initial instruction. The trial court mentioned "moral certainty" in explaining circumstantial evidence, but he also stated that the circumstances must point "conclusively" to the defendant's guilt, and that guilt must be shown to the exclusion of every other reasonable hypothesis. *See Todd,* 355 S.C. at 403, 585 S.E.2d at 309 (upholding a similar charge and recognizing that the " 'moral certainty' language cannot be sequestered from its surroundings"). While we recognize that the trial court employed the "search for" language in a supplemental instruction,[3] the court used "search for" only one time and emphasized that the State retained the burden to prove Respondent's guilt beyond a reasonable doubt. Therefore, we find that this language did not shift the burden to Respondent to put forth a reasonable hypothesis which would exculpate him. Finally, we believe that any portion of the charge reflecting an *Edwards* instruction favored Respondent. Accordingly, we hold that when read as a whole, in its entirety, the jury instructions did not violate Respondent's due process rights.

## CONCLUSION

For these reasons, we reverse the PCR court's order granting Respondent relief.

WALLER, PLEICONES, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.

---

**3.** *See Lowry v. State,* 376 S.C. 499, 507, 657 S.E.2d 760, 764 (2008) (finding the fact that the improper charge occurred in a supplemental instruction relevant to the analysis due to the prominence of the charge).