THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Barry Allen
 Evans, Appellant.
 
 
 
 
 

Appeal From Anderson County
 J.C. Buddy Nicholson, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-147
 Submitted April 1, 2011  Filed April 11,
2011   

AFFIRMED

 
 
 
 Appellate Defender Lanelle C. Durant, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General Julie M. Thames, all of Columbia; Solicitor
 Christina Theos Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM: Appellant
 Barry Allen Evans appeals his convictions for assault and battery with intent
 to kill and possession of a weapon.  On appeal, Evans argues the trial court
 erred in: (1) denying Evans' motion to suppress the 911 tapes; (2) denying
 Evans' motion to suppress photographs of the victim's injuries; and (3)
 overruling Evans' objection to a statement made by the solicitor when
 cross-examining a witness.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to the denial of Evans' motions
 to suppress: Rule 403, SCRE (excluding relevant evidence if the court
 determines its probative value is substantially outweighed by its prejudicial
 effect); State v. Shuler, 353 S.C. 176, 185-86, 577 S.E.2d 438, 442-43
 (2003) (finding the probative value of 911 tapes outweighed their prejudicial
 nature because the tapes described the scene of the crime immediately after the
 crime occurred); State v.
 Pagan, 369 S.C. 201, 208,
 631 S.E.2d 262, 265 (2006) (holding rulings on the admissibility of evidence
 are within the trial courts discretion and will not be disturbed on appeal
 absent an abuse of discretion resulting in prejudice);  State v. Todd,
 290 S.C. 212, 214, 349 S.E.2d 339, 340 (1986) ("There is no abuse of
 discretion if the offered photograph serves to corroborate testimony."); State
 v. Bennett, 369 S.C. 219, 228-29, 632 S.E.2d 281, 286-87 (2006) (affirming
 the trial court's admission of hospital photos of the victim that were
 introduced to show the extent of the victim's injuries). 
2. As to overruling Evans' objection:  State v. Mitchell, 330 S.C. 189, 196, 498 S.E.2d 642, 645 (1998) (noting a trial courts ruling on the scope of
 cross-examination will not be disturbed on appeal absent a manifest abuse of
 discretion"). 
AFFIRMED.
HUFF, SHORT,
 and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.