THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ernest Battle, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212081

_____

**ON WRIT OF CERTIORARI**

_____

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

_____

Memorandum Opinion No. 2013-MO-010
Submitted March 5, 2013 – Filed March 13, 2013

_____

**REMANDED**

_____

Appellate Defender Robert M. Pachak, South Carolina
Commission on Indigent Defense, Division of Appellate
Defense, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General
John W. McIntosh, Assistant Deputy Attorney General Salley
W. Elliott, and Assistant Attorney General Ashleigh Rayanna
Wilson, all of Columbia, for Respondent.

_____

**PER CURIAM:**   Petitioner seeks a writ of certiorari to review the decision of the circuit court denying his application for post-conviction relief (PCR).  We grant the petition, dispense with further briefing, and remand the matter to the circuit court.

In 2004, petitioner filed his first PCR application, alleging several grounds for PCR.  The PCR judge granted petitioner relief on one of the grounds, and denied the application as to the remaining grounds.  This Court granted the State's petition for a writ of certiorari and reversed the order of the PCR judge.  *Battle v. State*, 382 S.C. 197, 675 S.E.2d 736 (2009).

Petitioner filed a second PCR application in 2010 alleging his first PCR counsel was ineffective in failing to file a Notice of Appeal from the prior PCR order.  The PCR judge dismissed the application without a hearing.

Petitioner is entitled to effective assistance of counsel on appellate review in a PCR action and may pursue a claim for ineffective assistance of counsel for failing to seek review of a PCR order.  *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991).  A PCR applicant is entitled to an *Austin* review of a prior PCR order if there is an affirmative finding that the applicant either: (1) requested and was denied an opportunity to seek appellate review of the prior PCR order; or (2) did not knowingly and intelligently waive the right to appellate review of the prior PCR order.  *King v. State*, 308 S.C. 348, 417 S.E.2d 868 (1992).

Because he has alleged ineffective assistance of prior PCR counsel in failing to seek appellate review of the prior PCR order, petitioner is entitled to an evidentiary hearing after which the PCR judge must determine whether petitioner is entitled to an *Austin* review of the prior PCR order.  Accordingly, we remand this matter to the PCR judge to conduct an evidentiary hearing on petitioner's 2010 PCR application.

**REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**