**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Mitchell Akeem House, Appellant.

Appellate Case No. 2011-202529

———————————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-048
Submitted November 1, 2013 – Filed February 5, 2014

———————————

**AFFIRMED**

———————————

Appellate Defenders Dayne C. Phillips and Carmen Vaughn Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("The standard for review of an ambiguous jury instruction is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that

violates the Constitution."); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error.  A jury charge is correct if, when the charge is read as a whole, it contains the correct definition and adequately covers the law." (citation omitted)); *Aleksey*, 343 S.C. at 28 n.2, 538 S.E.2d at 252 n.2 ("Although settled law disfavors instructing jurors to seek the truth in some contexts because it might be misleading as to the burden of proof, we decline to hold any mention of 'the truth' in jury charges is unconstitutional."); *State v. Needs*, 333 S.C. 134, 154, 508 S.E.2d 857, 867 (1998) ("In [*State v. Manning*, 305 S.C. 413, 415, 409 S.E.2d 372, 374 (1991)], the [c]ourt pointed to the 'in search of the truth' language contained in the reasonable doubt charge as contributing to its defective nature.  However, appellate courts since have seemed to allow the use of the phrase—at least when it is not combined with other offending terms outlined in *Manning*." (citation omitted)); *Todd v. State*, 355 S.C. 396, 402-03, 585 S.E.2d 305, 308-09 (2003) (holding there was no reasonable likelihood jurors applied a trial court's instructions in an unconstitutional way, despite the use of "truth" language, because the trial court "used alternative methods of describing the [reasonable doubt] standard" and gave a "careful and exhaustive articulation of the reasonable doubt" standard); *Aleksey*, 343 S.C. at 28-29, 538 S.E.2d at 252-53 (holding no reasonable likelihood the jury applied trial court's instructions in an unconstitutional way when an instruction related to witness credibility contained truth seeking language but was "prefaced by a full instruction on reasonable doubt and followed by an additional exhortation to bear in mind the State's heavy burden of proof").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.