**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark R. Bolte, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-186252

---

**ON WRIT OF CERTIORARI**

---

Appeal From Abbeville County
Wyatt T. Saunders, Trial Court Judge
Eugene C. Griffith, Jr., Post-Conviction Relief Judge

---

Unpublished Opinion No. 2014-UP-266
Heard June 5, 2014 – Filed June 30, 2014

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General James Rutledge Johnson, both of Columbia, for Respondent.

---

**PER CURIAM:**  In this post-conviction relief (PCR) action, Mark R. Bolte argues his trial counsel's assistance was rendered ineffective when counsel (1) failed to object to the solicitor's statements in closing argument that the facts of the case were "undisputed," (2) failed to object to the solicitor's remarks in closing argument that the jury was the "conscience of the community," (3) failed to move to challenge and strike a certain juror, and (4) failed to object to the trial court's "moral certainty" instruction.  Bolte further contends counsel's errors had the cumulative effect of denying him of effective legal representation to the extent that prejudice was presumed in his case.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to counsel's failure to object to the solicitor's statements in closing argument that the facts of the case were "undisputed": *Kolle v. State*, 386 S.C. 578, 589, 690 S.E.2d 73, 79 (2010) ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision."); *id.* (stating an appellate court gives great deference to the PCR court's findings of fact and conclusions of law); *Pauling v. State*, 350 S.C. 278, 283, 565 S.E.2d 769, 772 (2002) ("The appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value."); *State v. Sweet*, 342 S.C. 342, 347, 536 S.E.2d 91, 93-94 (Ct. App. 2000) ("Prosecutorial comment, whether direct or indirect, on the defendant's failure to testify is impermissible."); *State v. McClure*, 342 S.C. 403, 407, 537 S.E.2d 273, 274 (2000) ("This constitutional prohibition, however, does not preclude a prosecutor from making 'a *fair* response to a claim made by defendant or his counsel.'" (emphasis in original) (quoting *United States v. Robinson*, 485 U.S. 25, 32 (1988))); *State v. Raffaldt*, 318 S.C. 110, 115, 456 S.E.2d 390, 393 (1995) ("The solicitor has the right to give his version of the testimony and to comment on the weight to be given to the testimony of the defense witnesses."); *State v. New*, 338 S.C. 313, 319, 526 S.E.2d 237, 240 (Ct. App. 1999) ("If a Solicitor's closing argument remains within the record evidence and the reasonable inferences therefrom, no error occurs."); *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002) ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument."); *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument . . . ."); *State v. Wilkins*, 217 S.C. 105, 111-12, 59 S.E.2d 853, 855 (1950) (finding that where the solicitor's remark in closing argument that evidence was not disputed was "close to the border

line," any possible prejudice was cured by the trial court's jury instruction that the jury was not to consider the defendant's failure to testify).

2.      As to counsel's failure to object to the solicitor's remarks in closing argument that the jury was the "conscience of the community": *Kolle*, 386 S.C. at 589, 690 S.E.2d at 79 ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision."); *id.* (stating an appellate court gives great deference to the PCR court's findings of fact and conclusions of law); *Pauling*, 350 S.C. at 283, 565 S.E.2d at 772 ("The appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value."); *Humphries*, 351 S.C. at 373, 570 S.E.2d at 166 ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument."); *id.* ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *Simmons*, 331 S.C. at 338, 503 S.E.2d at 166 ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument . . . ."); *State v. Bell*, 293 S.C. 391, 403, 360 S.E.2d 706, 712 (1987) (stating that the function of a jury in the sentencing phase of a capital case is to "express the conscience of the community on the ultimate question of life or death" (quoting *Witherspoon v. Illinois*, 391 U.S. 510, 519 (1968))); *State v. Durden*, 264 S.C. 86, 92, 212 S.E.2d 587, 590 (1975) ("[T]he duty of a solicitor is not to convict a defendant, but to see that justice is done.  At the same time, the solicitor should prosecute vigorously."); *id.* ("'So long as he stays within the record and its reasonable inferences, the prosecuting attorney may legitimately appeal to the jury to do their full duty in enforcing the law, or to return the verdict which he conceives it to be their duty to return under the evidence . . . .'" (quoting 23A C.J.S. Criminal Law § 1107)); *id.* (stating that a prosecuting attorney "'may employ any legitimate means of impressing on [the jurors] their true responsibility'" in enforcing the law (quoting 23A C.J.S. Criminal Law § 1107)), *id.* (noting that a prosecuting attorney "'may in effect tell [the jurors] that the people look to them for protection against crime, and may illustrate the effect of their verdict on the community or society generally with respect to obedience to, and enforcement of, the law'" (quoting 23A C.J.S. Criminal Law § 1107)).

3.      As to counsel's failure to move to challenge and strike a certain juror: *Magazine v. State*, 361 S.C. 610, 618, 606 S.E.2d 761, 765 (2004) (noting that the PCR applicant, in seeking relief on the ground that counsel prejudiced his case by

failing to use all peremptory strikes during jury selection, failed to present evidence supporting a finding that counsel's error violated the applicant's right to a trial by a competent and impartial jury); *Palacio v. State*, 333 S.C. 506, 517, 511 S.E.2d 62, 68 (1999) ("[A] criminal defendant has no right to a trial by any particular jury, but only a right to a trial by a competent and impartial jury."); *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (stating a PCR applicant bears the burden of proving the allegations in his application).

4.      As to counsel's failure to object to the trial court's "moral certainty" instruction: *Battle v. State*, 382 S.C. 197, 203, 675 S.E.2d 736, 739 (2009) ("In determining whether a defendant was prejudiced by improper jury instructions, the court must find that, viewing the charge in its entirety and not in isolation, there is a reasonable likelihood that the jury applied the improper instruction in [a] way that violates the Constitution."); *id.* at 204, 675 S.E.2d at 740 (finding no reasonable likelihood that "moral certainty" language in a trial court's jury instructions caused the jury to apply those instructions in a way that violated the Constitution, as the trial court repeatedly emphasized the State's burden to prove respondent's guilt beyond a reasonable doubt); *Todd v. State*, 355 S.C. 396, 403, 585 S.E.2d 305, 308-09 (2003) (noting that where a trial court mentions "moral certainty" language in its jury instructions, "'the moral certainty language cannot be sequestered from its surroundings'" (quoting *Victor v. Nebraska*, 511 U.S. 1, 16 (1994))); *id.* at 403, 585 S.E.2d at 309 (finding that, despite the inclusion of moral certainty language, "the trial judge's careful and exhaustive articulation of the reasonable doubt and circumstantial evidence standard, when examined in its entirety, effectively communicated the high burden of proof that the state was required to establish by the Constitution"); *State v. Zeigler*, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005) ("In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial.  If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error." (internal citation omitted)).

5.      As to Bolte's contention that counsel's errors had the cumulative effect of denying him of effective legal representation to the extent that prejudice was presumed in his case: *Lorenzen v. State*, 376 S.C. 521, 535, 657 S.E.2d 771, 779 (2008) (holding that where none of the errors alleged by the PCR applicant were meritorious, the alleged errors did not have the cumulative effect of denying the applicant of effective legal representation to the extent that prejudice was presumed); *Nance v. Ozmint*, 367 S.C. 547, 552, 626 S.E.2d 878, 880 (2006) (finding that absent the narrow circumstances of presumed prejudice under *United*

*States v. Cronic*, 466 U.S. 648 (1984), a PCR applicant alleging ineffective assistance of counsel must show actual prejudice); *id.* ("Actual prejudice requires the defendant to 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984))); *Green v. State*, 351 S.C. 184, 197, 569 S.E.2d 318, 325 (2002) ("While it is unsettled law whether individual errors, which may not be independently prejudicial, may be prejudicial when taken as a whole, we recognize the threshold to asking the cumulative prejudicial question is to first find multiple errors.").

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**