**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Willie Pelzer, III, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2013-000731
Lower Court Case No. 2010-CP-09-00189

---

Appeal From Calhoun County
The Honorable Carmen T. Mullen, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-045
Submitted July 2, 2015 – Filed July 29, 2015

---

**AFFIRMED**

---

Appellate Defender Laura Ruth Baer, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General Megan Harrigan Jameson, of Columbia, for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).

Because petitioner did not knowingly and intelligently waive his right to a direct appeal, we granted certiorari on August 6, 2014 and now proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner's conviction and sentence are affirmed. *See State v. Shuler*, 344 S.C. 604, 545 S.E.2d 805(2001) (stating appellate courts give the trial judge's findings from a *Batson v. Kentucky*, 476 U.S. 79 (1986) hearing "great deference on appeal, reviewing the trial judge's ruling with a clearly erroneous standard"); *State v. Stanko*, 402 S.C. 252, 741 S.E.2d 708 (2013) ("When a trial judge bases the denial of a motion for a change of venue because of pre-trial publicity upon an adequate voir dire examination of the jurors, his decision will not be disturbed absent extraordinary circumstances."); *State v. Wright*, 304 S.C. 529, 405 S.E.2d 825 (1991) ("The grant or denial of a motion for continuance is within the sound discretion of the trial judge and will not be disturbed absent an abuse, resulting in prejudice to the defendant."); and *State v. Todd*, 290 S.C. 212, 349 S.E.2d 339 (1986) ("The law to be charged is determined from the evidence presented at trial.").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, and HEARN, JJ., concur. KITTREDGE, J., not participating.**