**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Hubert Brown, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2016-001363

———————

Appeal From York County
John C. Hayes, III, Trial Judge
Frank R. Addy, Jr., PCR Judge

———————

Unpublished Opinion No. 2020-UP-144
Submitted April 1, 2020 – Filed May 20, 2020
Withdrawn, Substituted, and Refiled August 19, 2020

———————

**AFFIRMED**

———————

Lindsey Ann McCallister, of Columbia, for Petitioner.

Wanda H. Carter, of Columbia, for Respondent.

———————

**PER CURIAM:** In July 2013, a jury convicted Hubert Brown of first-degree burglary and attempted murder. The trial judge sentenced Brown to life without parole (LWOP) for each charge. Brown filed a direct appeal and this court affirmed his convictions and sentences. Brown then filed an application for post-conviction relief (PCR), which the PCR court granted following an

evidentiary hearing.  This court thereafter granted the State's petition for a writ of certiorari.  We now affirm the PCR court's order granting Brown PCR pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the PCR court erred by finding trial counsel was ineffective for failing to object to the trial court's jury charge instructing them that attempted murder required general, rather than specific, intent: *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court will uphold the factual findings of the PCR court if there is any evidence of probative value to support them); *id.* ("Questions of law are reviewed de novo, and we will reverse the PCR court's decision when it is controlled by an error of law."); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (to establish a claim of ineffective assistance of counsel, a PCR applicant must show (1) counsel was deficient and (2) counsel's deficiency prejudiced the defendant's case); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("In reviewing jury charges for error, this [c]ourt must consider the . . . charge as a whole in light of the evidence and issues presented at trial."); *id.* ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."); *Battle v. State*, 382 S.C. 197, 203, 675 S.E.2d 736, 739 (2009) ("In determining whether a defendant was prejudiced by improper jury instructions, the court must find that, viewing the charge in its entirety and not in isolation, there is a reasonable likelihood that the jury applied the improper instruction in way that violates the Constitution."); S.C. Code Ann. § 16-3-29 (2015) ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder."); *State v. Sutton*, 340 S.C. 393, 397, 532 S.E.2d 283, 286 (2000) ("Attempted murder would require the specific intent to kill and conduct towards that end."); *State v. King*, 412 S.C. 403, 409, 772 S.E.2d 189, 192 (Ct. App. 2015) ("Before 2010, our courts held attempt crimes require the State to prove the defendant had specific intent to complete the attempted crime."), *aff'd as modified*, 422 S.C. 47, 810 S.E.2d 18 (2017), and *overruled on other grounds by State v. Burdette*, 427 S.C. 490, 832 S.E.2d 575 (2019).

2.  As to whether the PCR court erred by finding trial counsel was ineffective for consenting to the admission of a psychiatric evaluation prepared by a doctor who did not testify at trial and for failing to object to the testimony of another doctor concerning the contents of that psychiatric evaluation: Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 803(6), SCRE ("A memorandum, report, record, or data compilation, in any

form, of acts, events, conditions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, *all as shown by the testimony of the custodian or other qualified witness*, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness; *provided, however,* that subjective opinions and judgments found in business records are not admissible) (first emphasis added); *Stevens v. Allen*, 336 S.C. 439, 455, 520 S.E.2d 625, 633 (Ct. App. 1999), *aff'd*, 342 S.C. 47, 536 S.E.2d 663 (2000) ("[U]nder Rule 803(6), SCRE, a proper foundation must be laid for admittance of the evidence, and this includes a chain of custody."); *Briggs v. State*, 421 S.C. 316, 323, 806 S.E.2d 713, 717 (2017) ("[I]mproper bolstering testimony is inadmissible."); *id.* at 325, 806 S.E.2d at 718 ("[N]o witness may give an opinion as to whether [another witness] is telling the truth."); *State v. Jennings*, 394 S.C. 473, 479, 716 S.E.2d 91, 94 (2011) ("When credibility is the ultimate issue in a case, improper corroboration evidence that is merely cumulative to other testimony is not harmless.").

3.  As to whether the PCR court erred by granting PCR on the ground that the State referred to Brown's expert as a "lady doctor," we find the PCR court did not intend for its remarks regarding the State's inappropriate comment to be a basis for PCR. The PCR court noted the issue was not raised by Brown, the court did not frame its discussion of the comment in the context of trial counsel's ineffectiveness, and it expressed its desire to "note" that the comment was inappropriate and to "discourage[]" it.

Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.